**PATTI & PATTI, LLC**
Jeffrey M. Patti, Esq. (#050201998)
255 Woodport Road
Sparta, New Jersey 07871
(973) 729-5040
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SACHA NEGRON, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: |
| | : | |
| | : | Civil Action |
| v. | : | |
| | : | |
| MIGUEL HOLGUIN, J.A. BURKE, | : | |
| JOSEPH FUENTES, CITY OF NEWARK | : | COMPLAINT AND JURY DEMAND |
| John Doe 1-10, John Doe Supervising | : | |
| Officer 1-10, Jane Roe 1-10, Jane Roe | : | |
| Supervising Officer 1-10, GARRY | : | |
| McCARTHY, THE UNITED STATES OF | : | |
| AMERICA, LORETTA LYNCH, | : | |
| United States Attorney General, | : | |
| John Roe 1-10, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff Sacha Negron, residing at 280 15th Avenue, in the City of Newark, County of

Essex, State of New Jersey, by way of Complaint against the Defendants herein says:

PLEADINGS COMMON TO ALL COUNTS

1.      At all times relevant herein, Sacha Negron was a resident of the State of New

Jersey residing at the above location.

2.      At all times relevant herein, upon information and belief, the individual

Defendants were residents of the State of New Jersey

3.     At all times relevant herein, the public entity defendants were organized under the laws of the State of New Jersey.

4.     Defendant Miguel Holguin was at all times relevant herein a State Trooper employed by the State of New Jersey, Department of Law and Public Safety and was responsible for upholding and enforcing the law and maintaining the peace of the State of New Jersey and Municipalities therein, and was at all times relevant herein an investigating and the arresting officer. He is sued in his individual capacity.

5.     Defendant J.A. Burke was at all times relevant herein a State Trooper employed by the State of New Jersey, Department of Law and Public Safety and was responsible for upholding and enforcing the law and maintaining the peace of the State of New Jersey and Municipalities therein, and was at all times relevant herein an investigation and supervisory officer. He is sued in his individual capacity.

6.     Defendant Joseph Fuentes was at all times relevant hereto the Superintendent of the New Jersey State Police responsible for upholding and enforcing the law and maintaining the peace of communities throughout the State of New Jersey and was responsible for supervising and training subordinate officers and was also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices. He is sued individually and in his official capacity.

7.     Defendant John Doe 1-10 is/are fictitious persons/law enforcement officers whose identity is unknown at this time, and at all times relevant hereto were New Jersey State Troopers employed by the State of New Jersey, Department of Law and Public Safety and was/were responsible for the investigation and/or enforcement of the laws within the City of Newark, and/or may have been responsible, directly and/or indirectly, for the injuries sustained by

2

Plaintiff. At such time as their identity becomes known, this complaint will be amended to name the known person(s). They are sued individually.

8. Defendant John Doe Supervising Officer 1-10 are fictitious persons/law enforcement officers whose identity is unknown at this time and were at all times relevant hereto Troopers and/or officers in the New Jersey State Police, and/or other law enforcement agencies and responsible for upholding and enforcing the law and maintaining the peace in the City of Newark, Essex County, and were also responsible for supervising and training subordinate officers and were also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices. They are sued individually.

9. Defendant Jane Roe 1-10 are fictitious persons/law enforcement officers whose identities are unknown at this time, and at all times relevant hereto were responsible for the investigation and/or enforcement of the laws within the City of Newark and/or may have been responsible, directly and/or indirectly, for the injuries sustained by Plaintiff. At such time as their identities become known, this Complaint will be amended to name the known persons. They are sued individually.

10. Defendant Jane Roe Supervising Officers 1-10 were at all times relevant hereto officers in the Police Department responsible for upholding and enforcing the law and maintain the peace in the City of Newark and were also responsible for supervising and training subordinate officers and were also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices. They are sued individually.

11.    Defendant Garry McCarthy (hereinafter "McCarthy) was at all times relevant the Director of the City of Newark Police Department responsible for upholding and enforcing the law and maintaining the peace of the City of Newark and was also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices.  He is sued individually and in his official capacity.

12.    Defendant City of Newark (hereinafter "Newark") is a Municipal entity incorporated pursuant to the Municipal Laws of the State of New Jersey and at all times relevant hereto maintained a police department and furthermore, at all times relevant hereto had the duty to exercise its powers and authority over the police department pursuant to N.J.S.A. 40A:14-118, et. seq. and to provide training, supervision and/or overall management of the Newark Police Department.

13.    Defendant Loretta Lynch, is the current Attorney General of the United States of America and oversees the United States Marshals Service.

14.    John Roe 1-10 is/are United States Marshal's whose identities are unknown at this time whom conducted the unlawful arrest of Plaintiff.

15.    Upon information and belief, in or about Autumn 2012, Defendant Holguin, Burke, John Doe 1-10, John Doe Supervisor 1-10 in conjunction with Defendant City of Newark, Jane Roe 1-10, and Jane Roe Supervisor 1-10 commenced a weapons trafficking investigation in the City of Newark.

16.    Defendants employed a Confidential Informant (CI).  Said CI purportedly provided Defendants with information concerning Plaintiff's involvement with weapons sales/trafficking.  This information was patently false.

4

Thereafter, Defendants, utilizing the CI conducted a controlled weapons buy purportedly with Plaintiff. However, Plaintiff was not involved with said transaction.

17.     In or about March/April 2013, Defendants without probable cause for any criminal activity on the part of Plaintiff and without a search warrant forcibly entered Plaintiff's home and conducted an unlawful search of her premises, said search yielding no illegal contraband.

18.     On April 9, 2013, in broad daylight while walking her young children to school Defendant United States Marshall Service and John Roe 1-10, individual U.S. Marhals surrounded Plaintiff and falsely arrested her and took her away to Irvington, New Jersey where Defendants conducted repeated un-counseled un-Mirandized interrogations of Plaintiff. Meanwhile, her young children were left alone to continue on to school.

19.     Defendant Holguin charged Plaintiff in Complaint-Warrant W-2013-006729-0714 with unlawful possession of a weapon, N.J.S.A. 2C:39-5(f), a crime of the second degree; unlawful transfer of weapon to another, N.J.S.A. 2C39-9(d), a crime of the third degree; and conspiracy to unlawfully sell a weapon to another, N.J.S.A. 2C5-2(a)(1), a crime of the second degree.

20.     Plaintiff was lodged in the Essex County Jail in default of $100,000 bail with no 10% option. Plaintiff spent the next 9-days in jail until posting bail.

21.     On November 22, 2013, the Essex County Grand Jury returned a 4-Count Indictment against Plaintiff charging in Indictment Number 2013-11-2963 conspiracy to facilitate the unlawful sale of a firearm, N.J.S.A. 2C:5-2, N.J.S.A. 2C:39-9(g), a crime of the second degree; unlawful sale of an assault firearm N.J.S.A. 2C:58-1, N.J.S.A. 2C:39-9(g), a crime of the; unlawful possession of an assault firearm, N.J.S.A. 2C:58-5, N.J.S.A. 2C:58-12,

N.J.S.A. 2C:39-5(f), a crime of the second degree; and unlawful sale of large capacity ammunition, N.J.S.A. 2C:39-9(h), and crime of the fourth degree.

22.     On June 30, 2014, on motion of the Essex County Prosecutor, all charges were dismissed.

23.     As a result of the unlawful actions of the Defendant Plaintiff was among other things unlawfully searched, unlawfully seized and arrested, falsely imprisoned, and maliciously prosecuted.

## II.  JURISDICTION AND VENUE

24.     This suit arises under the United States Constitution and the laws of the United States and is brought pursuant to 42 U.S.C. §1983, together with pendent State claims.

25.     The United States District Court has jurisdiction over Plaintiff's Federal claims pursuant to 28 U.S.C. §1331, as an action arising under the Constitution of the United States, and 28 U.S.C. § 1343(a)(3), to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States and over Plaintiff's pendent State law claims pursuant to 28 U.S.C. §1367.

26.     The Court has authority to grant costs and attorney's fees pursuant to 42 U.S.C. §1988.

27.     Venue is properly laid in the District Court of New Jersey pursuant to 28 U.S.C. §1391(b), because one or all of the Defendants reside in this district, and the events giving rise to this claim occurred in this district.

28.     Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising out of the applicable state law.

COUNT ONE
(Federal Constitutional Violations-Bivens Action
for Individual Federal Marshals)

29.    Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

30.    Plaintiff has a right protected by the Fourth Amendment to the United States Constitution to be secure in her person, house, papers, and affects, against unreasonable searches and seizures.

31.    Plaintiff also has a right protected by the Fifth and Fourteenth Amendment to the United States Constitution not to be deprived of life, liberty, or property, without due process of law.

32.    Through the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, Plaintiff has a right to be protected against false, baseless and arbitrary arrest, detention, seizure of property, seizure of person, and prosecution on criminal charges, excessive use of force, and against arbitrary deprivations of her liberty and property.

33.    Defendants, under color of state law, deprived Plaintiff of her aforementioned Constitutional rights by, among other things:

a.    Detaining Plaintiff without probable cause and without due process of law;
b.    Searching and seizing the person and/or property of Plaintiff without probable cause and without due process of law;
c.    Using excessive force and restraining Plaintiff;
d.    Unlawfully and unjustifiably creating a danger and undue risk to Plaintiff's life and limb;
e.    Falsely arresting Plaintiff without probable cause and without due process of law;
f.    Falsely imprisoning Plaintiff;
g.    Maliciously prosecuting Plaintiff;
h.    Denying Plaintiff the Equal Protection of the Law.

34.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been injured and continues to be injured in that she was deprived of her Constitutional rights;

7

was falsely arrested, charged and imprisoned without adequate basis in law; and was caused and continues to be caused severe physical, mental and emotional trauma and anguish.

35.     Because Defendants engaged in willful and wanton misconduct and/or in reckless or callous indifference to Plaintiff's rights, the imposition of punitive damages against these parties is warranted.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damage, statutory damages, punitive damages, interest, costs and reasonable attorney's fees, and such other relief as this court deems just and proper.

COUNT TWO
(Monell Claim)

36.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

37.     The actions of Defendant City of Newark, Jane Roe 1-10, and Jane Roe Supervisor 1-10 Defendants constituted a policy, practice, procedure or custom of the City of Newark Police Department in that those actions are part of a pattern and/or practice and/or custom of deviating from standard police practice and/or procedure.

38.     Because, *inter alia*, they failed to train and supervise their employees; were grossly negligent in the supervision of their subordinates; created and/or permitted a policy or custom under which unconstitutional practices occurred and/or because this problem had occurred on numerous previous occasions and by failing to take appropriate remedial measures, Defendant City of Newark, Jane Roe 1-10, and Jane Roe Supervisor 1-10 are liable to Plaintiff for damages.

39.     Similarly, because they created and/or permitted a policy or custom under which unconstitutional practices occurred as evidenced by, *inter alia*, the affirmative misconduct of

8

Defendant Jane Roe 1-10, and Jane Roe Supervisor 1-10, the City of Newark is liable for Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damage, statutory damages, punitive damages, interest, costs and reasonable attorney's fees, and such other relief as this court deems just and proper.

COUNT THREE
(New Jersey Constitution and New Jersey Civil Rights Act)

40.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

41.     At all times relevant herein, Defendants deprived, interfered with and/or attempted to interfere by threats, intimidation and/or coercion with the exercise and/or enjoyment of Plaintiff of his substantive due process, equal protections rights, privileges and/or immunities secured by the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-2.

42.     As a direct and proximate result of Defendants violations of Plaintiffs civil rights guaranteed to her by N.J.S.A. 10:6-2, Plaintiff suffered damages.

43.     The civil rights violations aforesaid were committed by Defendants with actual malice and/or a wanton and willful disregard of persons who foreseeably might be harmed by Defendants actions.

44.     Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10, et. seq.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damage, statutory damages, punitive damages, interest, costs and reasonable attorney's fees, and such other relief as this court deems just and proper.

COUNT FOUR

(New Jersey Constitution and New Jersey Civil Rights Act)

45.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

46.     At all times relevant herein, Defendants, under color of law, subjected Plaintiff and/or caused Plaintiff to be subjected to a deprivation of her rights, privileges, and/or immunities secured to her by the Constitution of the State of New Jersey.

47.     At all times relevant herein, Defendants violated Plaintiff's civil rights by unlawfully searching and seizing Plaintiff, falsely arresting Plaintiff, falsely imprisoning Plaintiff, maliciously prosecuting Plaintiff, and conspiring to commit the acts aforesaid.

48.     The acts aforesaid were committed pursuant to a policy statement, ordinance, regulation, and/or decision officially adopted and promulgated by Defendants and/or a well settled custom or practice by Defendants Newark and Police Department.

49.     The acts aforesaid were committed as a result of inadequate training and/or supervision by Defendants.

50.     As a direct and proximate result of Defendants violations of Plaintiff's civil rights guaranteed to him by the New Jersey Constitution and N.J.S.A. 10:6-2, Plaintiff suffered damages.

51.     The civil rights violations aforesaid were committed by Defendants with actual malice and/or a wanton and willful disregard of persons who foreseeably might be harmed by Defendants actions.

52.     Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10, et. seq.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damage, statutory damages, punitive damages, interest, costs and reasonable attorney's fees, and such other relief as this court deems just and proper.

COUNT FIVE
(False Imprisonment/False Arrest)

53. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

54. Defendants are State Troopers and/or police officers employed by the State of New Jersey and/or the City of Newark.

55. Defendant City of Newark is a municipality, organized and existing under the laws of the State of New Jersey.

56. On or about March/April 2013, Defendants wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, searched Plaintiff's home and person and detained her.

57. April 9, 2013, Defendants wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, arrested and falsely imprisoned Plaintiff.

58. By reason of Defendants' actions, Plaintiff was deprived of her liberty, was made caused to suffer embarrassment and humiliation and extreme emotional distress.

59. As a result of Plaintiff's false imprisonment, she has been severely damaged.

60. The actions aforesaid were committed by Defendants with actual malice and/or a wanton and willful disregard of persons who foreseeably might be harmed by Defendants actions.

61. Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10, et. seq.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damage, statutory damages, punitive damages, interest, costs and reasonable attorney's fees, and such other relief as this court deems just and proper.

COUNT SIX<br>(Federal and State Civil Conspiracy)

62.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

63.     At all times relevant herein, Defendants acted in concert to subject Plaintiff to false arrest, false imprisonment and/or malicious prosecution.

64.     At all times relevant herein, Defendants entered into an agreement to subject Plaintiff to false arrest, false imprisonment and/or malicious prosecution.

65.     At all times relevant herein, Defendants made over acts in furtherance of their civil conspiracy to subject Plaintiff to false arrest, false imprisonment and or malicious prosecution.

66.     As a direct and proximate result of the civil conspiracy resulting in Plaintiff's false arrest, false imprisonment and/or malicious prosecution, Plaintiff was wrongfully detained and/or deprived of his freedom and liberty.

67.     The actions aforesaid were committed by Defendants with actual malice and/or a wanton and willful disregard of persons who foreseeably might be harmed by Defendants actions.

68.     Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10, et. seq.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damage, statutory damages, punitive damages, interest, costs and reasonable attorney's fees, and such other relief as this court deems just and proper.

12

<u>DEMAND FOR JURY TRIAL</u>

Demand is hereby made for a trial by jury on all issues contained herein.

**PATTI & PATTI, LLC**
Attorneys for Plaintiff

By:      <u>s/  Jeffrey M. Patti</u>

Dated: June 30, 2016