<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SACHA NEGRON,<br><br>             *Plaintiff,*<br><br>      v.<br><br>MIGUEL HOLGUIN, et al.,<br><br>             *Defendants.* | Civil No. 2:16-03965 (KSH) (CLW)<br><br><u>**OPINION**</u> |

This matter comes before the Court on a motion to dismiss brought by defendants New Jersey State Troopers Miguel Holguin and J.A. Burke, and Superintendent of the New Jersey State Police Joseph Fuentes.  (D.E. 32, Motion to Dismiss; D.E. 1, Complaint, at ¶¶ 4-6.)  Plaintiff Sacha Negron filed this lawsuit pursuant to 42 U.S.C. § 1983 and § 1985 alleging various constitutional violations arising from a search of her home and her subsequent arrest.  (D.E. 1; Complaint.) Negron sued–in addition to Holguin, Burke, and Fuentes–the City of Newark, Newark police officer Garry McCarthy and various John Doe officers and supervisors.[1]  (*Id.*)  On September 29, 2017, the City of Newark and Newark police

---

[1] Negron also names the United States of America and former Attorney General Loretta Lynch in the caption.  In addition to questionable service of process, there are no allegations that include a federal actor beyond the assertion that unnamed United States Marshals arrested her and brought her to a municipal police station where she was prosecuted by state actors.  The Court assumes on these bare facts that Negron's assertion that the arresting officers were from the federal sector was made in error.

1

officer Garry McCarthy successfully moved to dismiss on both procedural and substantive grounds. (D.E. 40, Order.) The present motion by Holguin, Burke, and Fuentes seeks to dismiss claims for unlawful search, seizure, and arrest, and malicious prosecution. No opposing papers have been filed on behalf of Negron.

I.     Background

According to Negron's complaint, Holguin and Burke "commenced a weapons trafficking investigation in the City of Newark" in the fall of 2012. (D.E. 1, Complaint, at ¶¶ 15-16.) A Confidential Informant reported Negron's involvement with weapons sales and trafficking. (*Id.*) Negron asserts the Confidential Informant's tip was "patently false" without providing reasons for the assertion (*Id.*) In March or April of 2013, Negron claims "[d]efendants" searched her Newark, New Jersey home without probable cause or a search warrant, and the search yielded no illegal contraband. (*Id.* at ¶¶ 1, 17.) Negron does not allege who among the listed defendants conducted the search.

Negron claims she was arrested on April 9, 2013 by the United States Marshals Service (see above footnote) and taken to Irvington, New Jersey, where "[d]efendants conducted repeated un-counseled, un-Mirandized interrogations." (*Id.* at ¶ 18.) Neither Holguin, Burke, nor Fuentes is alleged to have arrested her. She alleges that Holguin, who is a state trooper, "charged her" with unlawful possession of a weapon and unlawful sale of a weapon. (*Id.* at ¶ 19.) Negron claims she was held in Essex County Jail for nine days without a ten percent option to post bail. (*Id.* at ¶ 20.) Some months later, in November 2013, she was indicted by an

2

Essex County grand jury on charges of conspiracy to facilitate the unlawful sale of a firearm, the unlawful sale of an assault fireman, unlawful possession of an assault firearm, and the unlawful sale of large capacity ammunition. (*Id.* at ¶ 21) On June 30, 2014, all charges were dismissed. (*Id.* at ¶ 22.) Exactly two years later, she filed this lawsuit.

Negron claims she was unlawfully searched, seized, arrested, falsely imprisoned, and maliciously prosecuted in violation of the Fourth, Fifth, and Fourteenth Amendments. (*Id.* at ¶ ¶ 23, 30-33.) Specifically, Count One alleges federal constitutional violations (*Id.* at ¶ 29); Count Two alleges a Monell violation (*Id.* at ¶ 36); Count Three alleges New Jersey Constitution and New Jersey Civil Rights Act violations (*Id.* at ¶ 40); Count Four repeats nearly verbatim Count Three (*Id.* at ¶ 45); Count Five alleges false imprisonment and false arrest (*Id.* at ¶ 53); and Count Six alleges federal and state civil conspiracy (*Id.* at ¶ 62).

## II. Discussion

### a. Standard of Review

Defendants bring this motion to dismiss pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has instructed district courts to conduct a two-part analysis when deciding motions to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). First, a district court "must take all of the factual allegations in the complaint as true." *Id.* at 678. A court is not obligated, however, "to accept as true a legal conclusion couched as a factual allegation." *Id.* "Second, only a complaint

that states a plausible claim for relief survives a motion to dismiss." *Id.* Whether a claim crosses the threshold of plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Merely pleading a cause of action will "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Instead, "[a] complaint has to *show* such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (emphasis added).

### b. Statute of Limitations

Defendants argue that with the exception of malicious prosecution, Negron's causes of action are barred by the statute of limitations. (D.E. 32-1, Motion to Dismiss, at 6.) To succeed, they must demonstrate that "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotations omitted)). "Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *Williams v. Trenton Police Dept.*, 591 F. App'x 56, 58 (3d Cir. 2015) (quoting *O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006)). In New Jersey, the statute of limitations for personal injury claims is two years. N.J. Stat. Ann. § 2A:14-2.

4

For purposes of a statute of limitations analysis, accrual occurs, "when the facts which support the claim reasonably should have become known to the plaintiff." *Mathews v. Kidder Peabody & Co.*, 260 F.3d 239, 252 (3d Cir. 2001). The Third Circuit has found that "a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). For example, the Third Circuit has held that a claim for unlawful arrest accrues on the day of the arrest. *Williams*, 591 F. App'x at 58; *see also Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("The statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.")

Here, Negron alleges her house was searched in either March or April of 2013, and that she was arrested on April 9, 2013. (D.E. 1; Complaint at ¶¶ 17, 18.) Under federal law, Negron's claims for unlawful arrest, search, and seizure, and false imprisonment began to accrue on the day of the search and arrest.[2] That is, because Negron knew on April 9, 2013 that her home had been searched and that she had been arrested, she had the facts necessary that day to contest the constitutional validity of that search and arrest. Under New Jersey's two-year statute of limitations, she had until April 9, 2015 before the statute ran to file her lawsuit. She did not do so, however, until June 30, 2016. (*See* D.E. 1; Complaint.)

---

[2] Her claim for unlawful search would accrue on the day of the search, but because no specific date is alleged, for ease of reference, the Court will refer to April 9, 2013 as the operative date for accrual of these claims.

5

That filing date strongly suggests that Negron mistakenly believed that the two-year statute of limitations began to run on June 30, 2014—the date on which the charges against her were dropped. While she failed to respond to defendants' motion to dismiss, the facts alleged in the complaint indicate she doubted the legality of the police action from the start. Assuming this is so, the Court looks to the Third Circuit's decision in *Williams*. *Williams*, 591 F. App'x at 57.

Williams was arrested, searched, and charged with unlawful possession of a gun on May 2, 2009 based on an anonymous tip from a confidential informant. *Id.* at 57. After the district court suppressed evidence against him on April 11, 2011, the prosecution dropped the charges the same day. *Id.* He filed his § 1983 lawsuit on October 28, 2011. *Id.*

Williams argued that the discovery rule—which would delay the date of accrual—should apply because he could not have known the search was unconstitutional until the judge ruled in his favor at the suppression hearing. *Id.* at 58. But the Third Circuit noted that Williams knew *on the night of his arrest* that he might have grounds for a lawsuit; "Williams stated that very night that he knew the identity [of the Confidential Informant], taunting the police officers that they would never get a conviction." *Id.* The equitable discovery rule was inapplicable in Williams' situation because "there was nothing new to discover." *Id.*

Like Williams, Negron knew on the day of the search and arrest that she might have grounds for a lawsuit. The dismissal of charges the following year was not the occasion for Negron to "discover" that she could sue, "as there was nothing

6

new to discover." *See id.* The discovery rule is inapplicable here. There being no basis to extend the limitations period, Negron's claims for unlawful arrest, search, and seizure, and false imprisonment were untimely filed and must be dismissed with prejudice.

The issue of time-barred claims is "dispositive," therefore the Court need not address the underlying merits of her federal and state constitutional claims. *Williams*, 591 F. App'x at 57.

### c. Conspiracy

Negron alleges the defendants conspired to falsely arrest, imprison, and maliciously prosecute her. (D.E. 1; Complaint, at ¶ 63.) A § 1985 conspiracy claim "accrues when plaintiff knew or should have known of the alleged conspiracy." *Dique v. New Jersey State Police*, 603 F.3d 181, 189 (3d Cir. 2010). In *Dique*, the Third Circuit found the underlying claim of selective enforcement to be time-barred, therefore the derivative conspiracy claim was time barred as well. *Id. See also Bougher v. University of Pittsburgh*, 882 F.2d 74, 79 (3d Cir. 1989) (holding that "Pennsylvania's two-year statute of limitations for personal injury actions applies to § 1985(3) claims" and dismissal of the conspiracy claim is proper when the underlying § 1983 claims are time-barred). The Court dismisses the conspiracy claim with prejudice.

### d. Malicious Prosecution

Negron's remaining § 1983 claim for malicious prosecution requires a finding that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding

7

ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009). All six elements are required to win a malicious prosecution claim; failure to establish one element is fatal to the claim. *Id.*

In a § 1983 claim for malicious prosecution, a grand jury indictment "constitutes prima facie evidence of probable cause to prosecute," but the presumption "may be rebutted by evidence that the presentment was procured by fraud, perjury, or other corrupt means." *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989); *see also King v. Deputy Atty. Gen. Del.*, 616 F. App'x 491, n.6 (3d Cir. 2015).

On November 22, 2013, an Essex County grand jury indicted Negron on four counts of weapons possession and trafficking, constituting prima facie evidence of probable cause to prosecute. (D.E. 1; Complaint, ¶ 21.) Negron fails to allege any facts challenging the indictment. The only content in the complaint touching on how the indictment was procured is Negron's conclusory statement that her arrest was the result of a confidential informant's "patently false" tip. (D.E. 1; Complaint, ¶ 21.) The allegation of falsity is unsupported by any facts. This falls far short of overcoming the presumption of probable cause. The insufficient complaint, coupled with a failure to respond to the motion to dismiss, warrant dismissal with prejudice of the malicious prosecution claim.

8

### III. Conclusion

Negron makes blanket, conclusory statements of law that her house was searched unlawfully (*Id.* at ¶ 17), that she was arrested unlawfully (*Id.* at ¶ 18), and that she was maliciously prosecuted (*Id.* at ¶ 23). These "threadbare recitals" are precisely what the Supreme Court warned against in *Iqbal*. *Iqbal*, 556 U.S. at 678. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Negron's complaint consists of *only* such accusations. The complaint is fatally deficient and is dismissed with prejudice.

The Court grants defendants' motion to dismiss. An appropriate order will follow.

s/ Katharine S. Hayden<br>
Katharine S. Hayden, U.S.D.J.

Dated: March 28, 2018